United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-21040

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

REGINALD TYRONE HOLLINS

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
(00-CR-242)

Before KING, Chief Judge, and BENAVIDES and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Reginald Hollins, a federal prisoner, appeals the district
court's dismissal of his § 2255 motion. Hollins contends that
his counsel performed ineffectively by failing to contest the
district court's decision to sentence him to concurrent prison
terms, each of which exceeded the statutory maximum for the count

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

on which it was imposed.

At the outset, we explain what is wrong with Hollins's sentences. We do so because it is unclear whether the district court identified the problem, and it is clear that the government's appellate brief does not correctly identify the quandary. We begin by referring to one particular provision of the Sentencing Guidelines, § 5G1.2(d). When a defendant is convicted on multiple counts, as was the case here, the Guidelines state that the sentence imposed on each count should be the total punishment[1] calculated under the Guidelines, with the sentences on all counts running concurrently. U.S. SENTENCING GUIDELINES MANUAL § 5G1.2(b)-(c) (2000). But, when the highest statutory maximum sentence is less than the total punishment, as also occurred here, the Guidelines provide that "the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." Id. § 5G1.2(d) (emphasis added).

Section 5G1.2(d) of the Guidelines is the key to understanding the error in Hollins's sentences. Hollins pleaded guilty to violating two statutory provisions: 18 U.S.C. §§ 922(g)(1) and 2119(1). The Guidelines dictated that Hollins's

---

[1] An individual's "total punishment" is the combined length of her sentences. See U.S. SENTENCING GUIDELINES MANUAL § 5G1.2 cmt. (2000).

2

total punishment should be from 151 to 188 months, and the district court decided to sentence Hollins at the top of that guideline range (i.e., 188 months). Applying the general rule for multiple-count cases, Hollins would have been sentenced to 188-month concurrent sentences on each count. See § 5G1.2(b)-(c). But, here, the statutory maximum sentence for the § 2119(1) conviction was 180 months, and for the § 922(g)(1) conviction it was 120 months. Thus, as correctly explained in the presentence-investigation report, § 5G1.2(d) applies. Hollins therefore should have been sentenced to the statutory maximum of 180 months on the § 2119(1) count, followed by a consecutive eight-month term on the § 922(g)(1) count, for a total punishment of 188 months. See United States v. Lucas, 157 F.3d 998, 1001-02 (5th Cir. 1998) ("The maximum statutory penalty sets the upper limit that may be imposed for a particular count."). Instead, the district court sentenced Hollins to the entire 188 months on each count, with the sentences running concurrently. Between the cup and the lip, or as here, between the presentence-investigation report and the judgment, a slip occurred and, as a result, both of Hollins's concurrent, 188-month sentences exceeded the relevant statutory maximums.

We turn to the next point, one which the district court (and the government on appeal) most assuredly identified. In his plea agreement, Hollins waived his right to appeal his sentence, unless the district court imposed either an upward departure or a

sentence above the statutory maximum.  Hollins also waived, without exception, his right to bring a collateral attack on his sentence under § 2255.  Hollins did not appeal his sentence, but he now seeks habeas relief.  So, we are faced with the question whether his waiver of the right to bring a collateral attack on his sentence barred the district court (and bars us) from considering his claim that his counsel was ineffective in failing either to object to or to appeal his sentences.

In this circuit, generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."  United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam).  To date, we have recognized one exception to this general rule: an ineffective-assistance claim survives a § 2255 waiver, but "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself."  United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).  But, in White, this court also left open the question whether a § 2255 waiver could be enforced "where the sentence facially (or perhaps indisputably) exceeds the statutory limits."  White, 307 F.3d at 343 n.4.  This case presents the question left open in White.

We join two other circuits that have stated that a § 2255 waiver does not preclude review of a sentence that exceeds the statutory maximum.  See United States v. Cockerham, 237 F.3d 1179, 1182-83, 1187 (10th Cir. 2001); DeRoo v. United States, 223

4

F.3d 919, 923 (8th Cir. 2000); <u>United States v. Michelsen</u>, 141 F.3d 867, 872 n.3 (8th Cir. 1998); <u>see also</u> <u>United States v. Hahn</u>, 359 F.3d 1315, 1327 (10th Cir. 2004); <u>United States v. Andis</u>, 333 F.3d 886, 891-92 (8th Cir. 2003); <u>United States v. Khattak</u>, 273 F.3d 557, 562-63 (3d Cir. 2001); <u>United States v. Teeter</u>, 257 F.3d 14, 25 n.10 (1st Cir. 2001); <u>United States v. Feichtinger</u>, 105 F.3d 1188, 1190 (7th Cir. 1997); <u>United States v. Baramdyka</u>, 95 F.3d 840, 843 (9th Cir. 1996); <u>United States v. Bushert</u>, 997 F.2d 1343, 1350 n.18 (11th Cir. 1993); <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992) (all indicating that a waiver of the right to appeal a sentence would be unenforceable if the challenged sentence exceeded the statutory maximum); <u>cf.</u> <u>United States v. Goodman</u>, 165 F.3d 169, 174-75 (2d Cir. 1999) (refusing to enforce a waiver that purported "to deny the defendant any appellate challenge not only to the selection of an applicable guideline range but also to any upward departure from that range, as long as the statutory maximum is not exceeded"); <u>United States v. Melancon</u>, 972 F.2d 566, 568 & n.3 (5th Cir. 1992) (leaving open whether a waiver of the right to appeal would be enforceable where the sentence is "contrary to the district court's assurances" at the plea hearing regarding length). Accordingly, Hollins's waiver does not bar his claim that his counsel rendered ineffective assistance by failing to challenge the imposition of sentences exceeding the applicable statutory maximums.

On the merits of that claim, we hold that Hollins's counsel was ineffective in neither objecting to nor appealing each of his sentences on the basis that it exceeded the statutory maximum for the crime to which he pleaded guilty.  United States v. Conley, 349 F.3d 837, 839-841 (5th Cir. 2003).  Considering each sentence, Hollins was prejudiced by his lawyer's deficient performance.  Cf. Apprendi v. New Jersey, 530 U.S. 466, 474 (2000) (indicating that each sentence must be examined individually to determine whether it comports with the Constitution).  Hollins is entitled to the habeas relief he seeks--to have his sentences on both counts set aside.

Accordingly, we REVERSE the district court's judgment denying relief under 28 U.S.C. § 2255, we VACATE both of Hollins's sentences, and we REMAND this case to the district court for resentencing consistent with this opinion.

REVERSED, SENTENCES VACATED, and REMANDED FOR RESENTENCING.