IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

No. 06-31130

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MONICA D. TATUM MCWILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 05-CR-30044-1

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Monica D. Tatum McWilliams ("McWilliams") alleges six points of error arising from her 2006 trial, conviction, and sentencing. McWilliams was convicted of forty-seven counts related to a fraudulent scheme to obtain federal money for a daycare center she ran from 1998 through 2004, held responsible for $617,057.17 in actual losses, and sentenced to eighty-seven months of imprisonment. She contends that: (1) trial counsel provided ineffective assistance; (2) the district court erred in denying five pre-trial motions; (3) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's closing statement and rebuttal contained improper argument; (4) the district court incorrectly calculated the loss amount; (5) she was erroneously held responsible for obstruction of justice; and (6) the sentence was unreasonable.  The Government claims that the appeal should be dismissed under Fifth Circuit Local Rule 42.3.  We deny the Government's motion to dismiss and AFFIRM McWilliams's conviction and sentence.

Initially, we decline to dismiss McWilliams's appeal for want of prosecution under Fifth Circuit Local Rule 42.3.1.1.  McWilliams filed a timely notice of appeal, but her case was dismissed due to her purported failure to order transcripts or make financial arrangements with the court reporter.  Her counsel was advised to order the record and make arrangements, but he was not advised to file that order with the district clerk.  Within thirty days, McWilliams submitted evidence that she had timely ordered a transcript (although she did not timely file the transcript order with the district clerk) such that she was not substantively in default at the time of the dismissal.  However, her appeal was not reinstated until she filed a motion with this court twelve months later.  Due to McWilliams's timely notice of appeal, this case does not implicate our holding in United States v. Plascencia, 537 F.3d 385, 389-90 (5th Cir. 2008).  We see no undue prejudice for the Government by our discretionary reinstatement of this appeal; we deny the Government's motion to dismiss.

McWilliams dedicated the majority of her presentation at oral argument to a direct claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984).[1]  McWilliams suggests that the brief time between trial counsel's entry of appearance and trial, his statements in a motion to continue the trial date, his tactical decisions during trial, and the comments

---

[1] In her appellate brief, McWilliams conceded that her allegations of ineffective assistance of counsel "fall squarely within the category of claims that are properly reserved for collateral attack, where testimony can be taken and supporting facts developed."

of the district court regarding counsel's conduct constitute per se evidence of ineffective assistance of counsel such that her ineffective assistance claim should be addressed in this direct appeal. We disagree that the time is right. Given the relatively undeveloped record before this court on this question, we decline to address McWilliams's ineffective assistance claim on direct appeal. See United States v. Maria-Martinez, 143 F.3d 914, 916 (5th Cir. 1998); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

McWilliams next challenges five pretrial rulings by the district court.[2] Having carefully considered the district court's determinations in light of the record before us, we conclude that the district court did not abuse its discretion in making these rulings.

McWilliams also claims as plain error two statements by the prosecutor during closing argument and rebuttal. See United States v. Mares, 402 F.3d 511, 515 (5th Cir. 2005) (holding that plain error standard applies to prosecution remarks made without contemporaneous objection). The prosecutor said, "I guess now the government, federal government, state government, we're all involved in this conspiracy now to get [McWilliams]," and "[w]e're all just here to get her . . . . of course, the way this conspiracy would have to work, the state would have to be involved. The U.S. Government would have to be involved." It is impermissible for a prosecutor to bolster witnesses or invoke her personal status as the government's attorney or the sanction of the government itself as

---

[2] All of the district court's challenged pretrial rulings are reviewed under an abuse of discretion standard. See United States v. Butler, 429 F.3d 140, 148 (5th Cir. 2005) ("We review a district court's discovery rulings for an abuse of discretion."); United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992) (reviewing grant of motion to quash subpoena for abuse of discretion); United States v. Burgin, 621 F.2d 1352, 1358-59 (5th Cir. 1980) (applying abuse-of-discretion standard to denial of motion for bill of particulars); United States v. Ross, 511 F.2d 757, 762 (5th Cir. 1975) (reviewing district court's Rule 16 ruling for abuse of discretion). The court will order a new trial based on discovery violations only when the complaining party demonstrates prejudice to his substantial rights. United States v. Webster, 162 F.3d 308, 336 (5th Cir. 1998).

a basis for convicting a criminal defendant. United States v. Gracia, 522 F.3d 597, 601-02 (5th Cir. 2008); United States v. Goff, 847 F.2d 149, 164 (5th Cir. 1988) (finding error where prosecutor suggested that, for a not guilty verdict, "the jury would have to believe that several governmental agencies and even perhaps federal judges had engaged in a malevolent and illegal conspiracy to convict them.").

McWilliams raised this governmental conspiracy by her testimony and the testimony elicited from others; thus, she "opened the door" to the prosecutor's argument at trial, mitigating these otherwise improper statements. United States v. Ramirez-Velasquez, 322 F.3d 868, 874 (5th Cir. 2003). In any case, given the significant evidence of McWilliams's guilt, the relatively fleeting nature of the prosecutor's comments, and the defense's opening of this door, we conclude that the prosecutor's comments did not constitute plain error. See United States v. Gallardo-Trapero, 185 F.3d 307, 320 (5th Cir. 1999).

Finally, McWilliams challenges the district court's sentence, claiming that the loss amount was improperly calculated, she should not have been held responsible for obstruction of justice under the Sentencing Guidelines, and the resulting term of imprisonment was substantively unreasonable. We find no clear error in the district court's loss finding, and conclude that the district court made a reasonable estimate of the actual loss given the available information. See United States v. Edwards, 303 F.3d 606, 645 (5th Cir. 2002); see also U.S. SENTENCING GUIDELINES MANUAL § 2B1.1 cmt. n.3(C) (2005). The application of an enhancement under section 3C1.1 of the Sentencing Guidelines for McWilliams's obstruction of justice was not clearly erroneous. This determination was plausible in light of the record as a whole, particularly given the district court's finding that McWilliams committed six instances of perjury during her trial testimony. See United States v. Juarez-Duarte, 513 F.3d 204, 208-09 (5th Cir.), cert. denied, 128 S. Ct. 2452 (2008); U.S. SENTENCING

GUIDELINES MANUAL § 3C1.1 & cmt. n.6.  The resulting sentence was within a properly-calculated Guidelines range, and, although it was certainly greater than her co-defendant who timely pled and cooperated with the government, McWilliams's sentence did not constitute an abuse of discretion.  See  Gall v. United States, 128 S. Ct. 586, 591 (2007); Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2459 (2007).  The record is sufficiently clear that the district court gave due consideration to the trial testimony and factors set forth in 18 U.S.C. § 3553(a), and McWilliams has failed to demonstrate that the ultimate sentence was unreasonable when viewed against the totality of these factors. See Gall, 128 S. Ct. at 594, 597.

Accordingly, McWilliams's conviction and sentence are AFFIRMED.