# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2009

Charles R. Fulbruge III
Clerk

No. 07-41063
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JIMMY RAY EARL MERRIFIELD

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CV-421
USDC No. 4:03-CR-84-11

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Jimmy Ray Earl Merrifield pled guilty to conspiracy to manufacture, distribute, or possess with the intent to manufacture, distribute, or dispense methamphetamine and possession of a firearm by a drug user. As part of the plea agreement, Merrifield waived the right to appeal any issue, except issues related to the application of the Sentencing Guidelines or the basis of an upward departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Merrifield filed a 28 U.S.C. § 2255 motion, arguing ineffective assistance of counsel at both trial and on appeal. The district court found that the ineffective assistance claims were barred by the appeal waiver. Merrifield requested a certificate of appealability, but did not address the district court's determination that his ineffective assistance of counsel claims were barred by the appeal waiver. This Court granted Merrifield's COA with respect to (1) whether this court should take cognizance of the unraised issue of whether the district court erred in finding that Merrifield's ineffective assistance claims were barred by the appeal waiver in Merrifield's plea agreement ; and (2) if this court takes cognizance of the unraised issue, whether the district court erred in its procedural ruling.

The Government concedes that this Court has discretion to consider whether the district court erred in finding that Merrifield's ineffective assistance claims were barred by the appeal waiver despite Merrifield not raising the issue in his *pro se* request for a COA.

In light of the Government's concession, we exercise our discretion to address the issue.[1] The appeal waiver was silent as to Merrifield's right to collaterally challenge his conviction and sentence under § 2255. The district court erred in finding that the waiver barred review of Merrifield's ineffective assistance of counsel claims brought through a § 2255 motion.[2]

We VACATE the district court's denial of Merrifield's § 2255 motion in part and REMAND for the consideration of Merrifield's ineffective assistance claims.

---

[1] *See Castro v. U.S.*, 540 U.S. 375, 381–83 (2003).

[2] *See U.S. v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (defendant "waived, without exception, his right to bring a collateral attack on his sentence under § 2255"); *U.S. v. White*, 307 F.3d 336, 338 (5th Cir. 2002) ("The plea agreement also contained a waiver of the right to appeal, expressly including a waiver of White's right to challenge his sentence under 28 U.S.C. § 2255.").