**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-30785
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNIE MERRILL, also known as Manny, also known as Mannie,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-7853
USDC No. 2:02-CR-277-5

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ronnie Merrill appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his 2003 guilty-plea conviction for distributing and for possessing with the intent to distribute heroin and crack cocaine, in violation of 21 U.S.C. § 841, and his resulting 280-month sentence. Although the district court denied relief, it granted Merrill a certificate of appealability (COA) on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue "whether ineffective assistance of counsel affected the knowing and voluntary nature of the petitioner's guilty plea."

If his brief is liberally construed, Merrill renews the following claims: 1) counsel was ineffective in inducing his guilty plea by promising that he would receive a 10-year sentence; 2) counsel was ineffective in failing to question his mental competency prior to his guilty plea; and 3) counsel was ineffective in failing to object to the indictment. We do not address the third claim because it is not encompassed by the district court's COA grant and because Merrill did not request an expanded COA in his initial appellate brief. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *United States v. Kimler*, 150 F.3d 429, 430-31 (5th Cir. 1998) *see also United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

This court reviews the district court's factual findings for clear error and legal conclusions de novo. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To prove that his counsel was ineffective, Merrill must show that counsel's performance was deficient and that his deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In connection with his claim that counsel should have questioned his mental competency to plead guilty, Merrill has failed to make the required showing. The record shows that Merrill was coherent and responsive at rearraignment, testifying under oath that he understood the charges against him, the plea agreement, and the nature of the proceedings, as well as that he had been able to confer about same with counsel. Moreover, subsequent examination by a court-appointed psychiatrist revealed that Merrill did not suffer from any mental defect rendering him incompetent. Merrill conclusionally asserts that counsel should have realized that he suffered from unspecified "drug related mental impairments." However, he does not affirmatively assert, nor has he presented any evidence to show, that he suffered from any mental impairment which rendered him unable to consult with his lawyer or to understand the nature of the proceedings and therefore does not establish that he was in fact incompetent

to plead guilty. *See Drope v. Missouri*, 420 U.S. 162, 172 (1975). By failing to demonstrate that he was mentally incompetent to plead guilty, Merrill fails to show that counsel was deficient for failing to raise the issue of his competency prior to his plea, nor can he show any resulting prejudice. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990). Contrary to his assertion, the district court did not abuse its discretion in failing to hold an evidentiary hearing on the claim. *See United States v. Fields*, 565 F.3d 290, 2009 WL 975806, at *7 (5th Cir. Apr. 13, 2009).

Merrill's claim that his plea was induced by the promise of a 10-year sentence is likewise unavailing. In the district court, Merrill did not present any independent indicia of the likely merit of his allegations because he did not present affidavits from reliable third parties establishing the terms of the alleged promise, the time and place of the promise, or the identity of any eyewitnesses to the promise. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). His own affidavit, containing self-serving conclusional allegations, is insufficient. *See id.*; *see also United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir.), *cert. denied*, 128 S. Ct. 456 (2007). The affidavit executed by his girlfriend's grandmother provided no support as it contained no information regarding counsel's alleged promise. *See Cervantes*, 132 F.3d at 1110.

Merrill now moves to expand the record on appeal to include an affidavit executed by his girlfriend, Tammy Brown, purportedly executed in January 2006. The Government opposes the motion. Merrill provides no explanation for not having first provided the affidavit to the district court, and we deny therefore deny the motion to supplement. However, even if the record were expanded to include the affidavit, it would not provide independent indicia of the likely merit of Merrill's claims as it is does not describe with any specificity where or when the alleged promise by counsel was made, and, more fatally, it does not indicate that Brown was in fact an eyewitness to any promise made by counsel directly to Merrill. *See Cervantes*, 132 F.3d at 1110.

The evidence presented by Merrill is inconsistent with the bulk of his conduct, including his presumptively truthful testimony at rearraignment and the plain terms of the plea agreement, both of which clearly refute the allegation that counsel promised him a 10-year sentence. Such inconsistency is further underscored by the fact that Merrill did not raise the claim that his plea was induced by the promise of a 10-year sentence when he initially moved to withdraw his plea in the district court. Consequently, Merrill has not shown that the district court err in rejecting his claim without an evidentiary hearing. *See Cervantes*, 132 F.3d at 1110.

Accordingly, the district court's judgment is AFFIRMED. The motion to supplement the record is DENIED.