# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2010

Lyle W. Cayce
Clerk

No. 08-40505
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JODY PAUL SADLER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-90-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jody Paul Sadler pleaded guilty to one count of conspiracy to possess with the intent to manufacture and distribute 500 grams or more of a substance containing methamphetamine or 50 grams or more of actual methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking offense; he received consecutive sentences of 188 months and 60 months in prison, respectively. Within the plea agreement, Sadler waived his right to appeal his conviction or sentence on any ground, although he reserved his right

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to challenge a sentence exceeding the statutory maximum or a claim of ineffective assistance affecting the validity of the waiver.  On appeal, Sadler asserts that the statutory mandatory minimum sentences for methamphetamine offenses are unconstitutional, that the district court mistakenly believed that it was required to run his sentences consecutively, that the factual basis for his guilty plea was insufficient, and that the judgment must be reformed to preclude the district court from amending it in the future to order restitution.  The Government seeks to enforce the appeal waiver and has moved to dismiss the appeal on this ground; however, in its appellate brief the Government concedes that Sadler's challenge to the sufficiency of the factual basis supporting his conspiracy conviction survives the waiver.  *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  Thus, the motion to dismiss is denied.

Sadler's challenges to the statutory minimum sentences, to the imposition of consecutive sentences, and to the reformation of the judgment are barred by the waiver provision.  These claims do not challenge a sentence exceeding the statutory maximum sentence and do not present a claim of ineffective assistance.  At rearraignment, the district court advised Sadler that he was waiving his right to appeal under the plea agreement except for the aforementioned exceptions, and Sadler stated that he understood.  Thus, the record indicates that Sadler knowingly and voluntarily waived his right to appeal his conviction and sentence, that the waiver is valid and enforceable, and that these claims are not cognizable in light of the plain language of the waiver provision and its exceptions.  *See United States v. Bond*, 414 F.3d 542, 544-45 (5th Cir. 2005).

Sadler's challenge to the sufficiency of the factual basis supporting the conspiracy conviction, although reviewable on appeal, is without merit.  Under FED. R. CRIM. P. 11(b)(3), the district court must ensure that the factual basis is sufficient to establish each element of the offense and demonstrate the defendant's guilt.  Because Sadler did not challenge the factual basis below, we

2

review for plain error. *See United States v. Vonn*, 535 U.S. 55-59 (2002). To show plain error, Sadler must present a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Sadler complains that the factual basis presented at rearraignment merely tracked the language of the charging statutes and the jury instructions and provided no information about the specific actions committed by Sadler or his codefendants. The allegation that Sadler's conduct satisfied the elements of the offense is sufficient to support a finding by the district court "that [he] committed the charged criminal offense." *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992). Moreover, Sadler has not shown that the lack of a detailed factual basis at his rearraignment affected his substantial rights; he has not alleged that he would not have pleaded guilty but for the absence of specific information in the factual basis. *See Puckett*, 129 S. Ct. at 1429; *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Consequently, the judgment of the district court is affirmed.

AFFIRMED; MOTION TO DISMISS DENIED.