# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2010

No. 09-40135

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

GARY DON FRANKS

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-499
USDC No. 4:03-CR-84

Before BARKSDALE, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *in forma pauperis* and *pro se*, and pursuant to three issues certified for appeal by our court, Gary Don Franks appeals the denial of his 28 U.S.C. § 2255 motion, challenging his 2004 guilty-plea conviction. (Franks' motion not to publish this opinion is DENIED as moot; his motion to strike the Government's response to Franks' not-publish motion is DENIED.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40135

For the three certified issues, we hold:  although the district court erred in ruling that the § 2255 motion is both time-barred and barred by the appellate-waiver provision in Franks' plea agreement, it did *not* abuse its discretion by *not* conducting an evidentiary hearing for Franks' due-process claim.  AFFIRMED.

I.

Pursuant to a plea agreement, Franks pleaded guilty to possession with intent to distribute and dispense methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  Franks was sentenced, *inter alia*, to 101 months' imprisonment. Judgment was entered on 27 July 2004.

The next day, Franks filed a timely *pro se* notice of appeal.  His appeal was dismissed for want of prosecution on 22 September 2004.

On 21 December 2005, Franks filed the § 2255 motion at issue, claiming his Sixth Amendment right to effective assistance of counsel was violated when: (1) the district court cut off funding for his privately-retained attorney; (2) his counsel failed to investigate the strength of the Government's case, thereby precluding him from deciding intelligently whether to plead guilty or proceed to trial; and (3) his counsel failed to move to suppress evidence obtained in violation of his Fourth Amendment rights.  In addition, Franks claimed his Fifth Amendment right to due-process was violated when the district court denied him appointment of counsel on direct appeal.

The district court referred the matter to a magistrate judge for a report and recommendation.  The magistrate judge recommended:  Franks' § 2255 motion should be denied as time-barred; he should be denied equitable tolling because he failed to establish that an unconstitutional government action prevented him from filing a timely motion; he had waived his right to appeal; and, *in the alternative, his claims were without merit.*  Additionally, the magistrate judge recommended denial of a certificate of appealability (COA),

2

even though Franks had not filed a request for a COA.  Franks filed objections to the report and recommendation.

The district court adopted the magistrate judge's report and recommendation and denied Franks' § 2255 motion.  The district court ruled: Franks' actual-innocence claim was without merit and could not excuse the statute of limitations; Franks' § 2255 motion was barred by the appellate-waiver provision in his plea agreement; Franks' guilty plea waived all non-jurisdictional defects except those set forth in Federal Rule of Criminal Procedure 11(a)(2); and, Franks failed to show that he either requested the appointment of appellate counsel or filed a § 2255 motion on 29 July 2005 (Franks asserted that a request to proceed *in forma pauperis* on that date invoked jurisdiction pursuant to § 2255).  The district court ruled, in the alternative, that the issues raised in Franks' § 2555 motion lacked merit.

## II.

On 12 November 2009, our court denied the majority of Franks' COA requests (concerning the striking of his oversized objections to the magistrate judge's report and recommendation, the denial of his motion for partial summary judgment, and his claims of ineffective assistance of counsel) but granted a COA for:  whether his § 2255 motion was either time-barred or barred by the appellate-waiver provision in his plea agreement; and whether the district court erred in dismissing his due-process claim without conducting an evidentiary hearing.  *See* 28 U.S.C. § 2253.

### A.

A district court's factual findings are reviewed for clear error; it's legal conclusions, *de novo*. *E.g., United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).  The district court erred in ruling on alternative bases that the § 2255 motion was barred.

No. 09-40135

1.

Regarding the time bar, § 2255 establishes the period for filing such motions. 28 U.S.C. § 2255(f). The motion may be filed within one year from, *inter alia*, the date the judgment of conviction became final. 28 U.S.C. § 2255(f)(1).

Judgment for Franks' criminal case was entered on 27 July 2004; he filed a timely notice of appeal the next day. On 22 September 2004, his appeal was dismissed for want of prosecution.

Franks insists his conviction became final no earlier than 21 December 2004, 90 days after dismissal of his direct appeal. Because his § 2255 motion was delivered to prison officials on 21 December 2005, Franks contends it was timely pursuant to § 2255(f)(1). (Franks' § 2255 motion was filed on 27 December 2005; however, under the prison-mailbox rule, the motion was filed on 21 December 2005, the day his motion was deposited into a legal mailbox where he was incarcerated. *E.g.*, *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).)

The Government counters: because Franks did not raise on appeal any substantive issues regarding either his conviction or sentence, his petition for a writ of certiorari would have been limited to whether our court correctly dismissed Franks' appeal for want of prosecution. Therefore, the Government urges, the direct appeal for Franks' criminal conviction ended on 10 August 2004, ten days after the district court entered judgment, resulting in the limitations period for filing the § 2255 motion expiring on 10 August 2005.

In concluding that Franks' § 2255 motion was time-barred, the district court relied upon *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). The district court reasoned that Franks' direct appeal became final on 10 August 2004 because his appeal was dismissed for want of prosecution, and because any petition for certiorari would not have contested direct review of his conviction.

No. 09-40135

In *Plascencia*, defendant filed a late *pro se* notice of appeal, which our court construed as a motion for an extension of time. *Plascencia*, 537 F.3d at 387; *see* FED. R. APP. P. 4(b)(4). Our court held: because defendant never filed an effective notice of appeal, his judgment became final ten days *after* it was entered; and any petition for writ of certiorari defendant could have filed after dismissal of his direct appeal would not have encompassed direct review of his conviction. *Plascencia*, 537 F.3d at 389. "Instead, it would have concerned only [this court's] ruling that the district court did not abuse its discretion by declining to grant [the defendant] an appeal." *Id.*

On the other hand, when a federal defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) on the date of the Supreme Court's denial of a petition for writ of certiorari. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). When such a petition has *not* been filed, the judgment becomes final upon the expiration of the 90-day period for filing such a petition. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). And, when a federal defendant files a timely notice of appeal, and that appeal is dismissed for want of prosecution, a conviction becomes final upon the expiration of the time for seeking certiorari, even when the prisoner has *not* filed such a petition. *Gamble*, 208 F.3d at 537. A § 2255 motion is thereby deemed timely, so long as "[i]t was filed within a year after the ninety-day period for seeking certiorari review of his conviction as finalized in this court". *Id.*

Here, unlike defendant in *Plascencia*, Franks filed a timely notice of appeal. *See United States v. McWilliams*, 308 F. App'x 806, 808 (5th Cir. 2009) (noting *Plascencia* was not implicated because a timely notice of appeal). Because defendants are entitled to the benefit of the additional 90-day period even when their direct appeal is dismissed for want of prosecution, *Gamble*, 208

5

F.3d at 536-37, Franks' conviction became final on 21 December 2004, when the 90-day period for filing a certiorari petition expired. *See Clay*, 537 U.S. at 532.

2.

Concerning the bar by the appellate-waiver provision in Franks' plea agreement, that agreement was silent on his right to *collaterally* challenge his conviction under § 2255. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (waiver of defendant's right to statutory appeal must be explicit and unambiguous); *United States v. White*, 307 F.3d 336, 338 (5th Cir. 2005) (plea agreement expressly included waiver of right to challenge sentence under 28 U.S.C. § 2255). Along that line, the Government concedes that the district court's reading of Franks' waiver is too broad. We need not address this issue further. *See United States v. Sadler*, 2010 WL 3007909, at *1 (5th Cir. 30 July 2010); *see also United States v. Merrifield*, 339 F. App'x 374, 375 (5th Cir. 2009) (holding guilty plea of Franks' co-defendant did not bar right to collaterally challenge conviction and sentence under § 2255).

B.

For the final issue certified, Franks maintains the district court erred by denying his due-process claim without conducting an evidentiary hearing. He contends: he made a sufficient showing to warrant an evidentiary hearing on his claim that his Fifth Amendment right to due-process was violated by the district court's failure to grant him *in forma pauperis* status and appoint him counsel on direct appeal.

The denial of a § 2255 motion without an evidentiary hearing is reviewed for abuse of discretion. *E.g.*, *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."

*United States v. Ragsdale*, 426 F.3d 765, 774 (5th Cir. 2005) (quoting *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003)).

Rule 8 of the Rules Governing § 2255 Proceedings states: "If the [§ 2255] motion is not dismissed, the judge must review the answer, any transcript and records of prior proceedings, and any materials submitted . . . to determine whether an evidentiary hearing is warranted". *See United States v. Cavitt*, 550 F.3d 430, 441-42 (5th Cir. 2008) (quoting *Edwards*, 442 F.3d at 264). Movant is entitled to an evidentiary hearing on an issue presented in his § 2255 motion if he can provide "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from *reliable* third parties . . .". *Cervantes*, 132 F.3d at 1110 (emphasis added). "If, however, the [movant]'s showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id.* (citing *United States v. Smith*, 844 F.2d 203, 208 (5th Cir. 1988)).

Franks contends he is entitled to an evidentiary hearing because: his notice of appeal, docketed on 28 July 2004, indicated sufficiently his request for appointed counsel during his appeal; and he submitted to the district court an amended notice of appeal, which was mailed on 29 July 2004. In support, Franks presents what appear to be three independent indicia supporting the merits of his allegations: the self-serving statements contained in his § 2255 motion, which includes a copy of the alleged undocketed 29 July notice; and, the affidavits of prisoners (Franks' co-defendants) Ricky Joe James and Paul L. Schlieve.

1.

Franks contends his *pro se* notice of appeal, docketed 28 July 2004, presented his appointed-counsel request:

No. 09-40135

> COMES NOW, Gary Don Franks, without any attorney of record and would file this <u>Notice of Appeal</u>, in the above styled and numbered cause, by means of "pro-se" *until such time as I can be appointed counsel or can afford to hire counsel.*
> WHEREFORE, Premises considered, the defendant respectfully requests this Honorable court accept this, his Notice of Appeal.

(Emphasis added.)

The district court found this notice of appeal lacked a request for appointed counsel. The notice was interpreted to include, at best, a suggestion that Franks *might* request appointment if he could not afford to retain counsel.

The district court did not abuse its discretion in ruling the notice did not request appointment of counsel. Besides the language contained in that notice, the district court's determination was supported in part by: Franks' failure to inquire into the status of his claimed request for appointed counsel, either before or after his direct appeal was dismissed for want of prosecution; Franks' having been represented by *retained* counsel during the earlier district court proceedings; and, Franks' letter to the district court on 8 July 2004, stating that he was going to retain another attorney.

Franks further contends the district court should have inquired into his financial circumstances at the time he filed his *pro se* notice of appeal, citing *Rodriguez v. United States*, 395 U.S. 327 (1969). *Rodriguez* held, however, that, when counsel fails to file a requested appeal, defendant is entitled to re-sentencing and an appeal without having to show likelihood of success. *Id.* at 329-30. *Rodriguez* did *not* impose a general duty on district courts to inquire into the *pro se* appellant's finances.

2.

Regarding the claimed second notice of appeal on 28 July 2004, Franks asserts it included a request for leave to proceed *in forma pauperis* and for the

appointment of counsel on his direct appeal. This notice was *not* docketed, and it apparently first came to the district court's attention as an attachment to Franks' § 2255 motion, filed on 27 December 2005.

To explain the discrepancy between the first and second notices of appeal, Franks relies on the following assertions: the district court's claimed history of improper filings; the Assistant United States Attorney's (AUSA) failure to deny "having received the copy of the Notice of Appeal that was served on her in her official capacity"; his mailing a copy of the notice of appeal to the district judge; and the affidavits of Schlieve and James.

Franks' assertion that the district court has a history of improperly docketing his filings is unavailing. His first example, that an application to proceed *in forma pauperis* was received by the district court on 29 July 2005, and was not docketed until 27 December 2005, is unhelpful: Franks' motion was not filed because it was premature until he submitted his § 2255 motion. His second example, that his "motion for Discovery of Documents Probative of the Incarceration of Rodney Lewis Crowley" was received by the clerk on 28 August 2006 but not filed, is belied by its certificate of service dated 13 September 2006.

Additionally, his assertions that the court was aware of his second notice of appeal because he mailed copies to the district judge and to the AUSA are unsubstantiated. *See Cervantes*, 132 F.3d at 1110 (finding petitioner's conclusional allegations insufficient to merit request for evidentiary hearing).

The Schlieve and James affidavits are unhelpful because they come from unreliable parties. *See id.* Schlieve's affidavit is insufficient because it shows he was not an eyewitness to the events in question, thereby fatal to its value as independent indicia. *See United States v. Merrill*, 340 F. App'x 976, 978 (5th Cir. 2009) (citing *Cervantes*, 132 F.3d at 1110).

While James' affidavit contains an eyewitness account, it lacks requisite specificity. *See Cervantes*, 132 F.3d at 1110-11. It states that Franks filed a

notice of appeal requesting appointed counsel in July 2004; however, it does not differentiate between Franks' above-described first and second notices of appeal.

Franks' assertions are inconsistent with the bulk of his conduct otherwise: he failed to show he attempted to obtain the relevant prior mail logs or inquire about the status of his request for appointed counsel either before or after his appeal was dismissed; he was able to retain counsel prior to entry of judgment; he informed the district court that he was seeking another attorney; the volume of his *pro se* filings during the period leading up to sentencing demonstrated Franks' proclivity to seek immediate action from the district court if a matter was pending; the record shows Franks was silent before the district court from 22 September 2004 (when his appeal was dismissed for want of prosecution) to 29 July 2005, when the district court apparently first received his application to proceed *in forma pauperis.*

The district court's assessment of the evidence was not clearly erroneous; accordingly, it did not abuse its discretion in denying Franks an evidentiary hearing on his due-process claim. Franks' claims are inconsistent with the bulk of his conduct, and he offers no supporting specific facts. *See Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987) (stating requirements for evidentiary hearing in context of a § 2254 petition); *United States v. Orozco-Ramirez*, 211 F.3d 862, 864 n.4 (5th Cir. 2000) (noting that, because of their similarity, § 2254 proceedings are viewed relevant to § 2255 analysis). While Franks insists an evidentiary hearing would allow him to find facts to support his allegations (*e.g.*, the testimony of other affiants, the mail log from Grayson County Jail), an evidentiary hearing is not a "fishing expedition" for him to find support to validate his allegations. *Edwards*, 442 F.3d at 268 n.10 (5th Cir. 2006).

### III.

Therefore, in the light of the district court's alternative ruling on the merits, the judgment is AFFIRMED.