# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50181
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS EDUARDO CASTRO-DELGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:14-CR-642-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Luis Eduardo Castro-Delgado was subject to a term of supervised release when he pleaded guilty, pursuant to an agreement, to one count of transporting an illegal alien for the purpose of commercial advantage and private financial gain, and aiding and abetting. He was sentenced to 36 months of imprisonment on the new conviction, to be followed by five years of supervision. Additionally, Castro-Delgado's supervised release was revoked, and he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50181

ordered to serve an eight-month term of imprisonment on the revocation, to run consecutively to the 36-month sentence.

Castro-Delgado now appeals from the sentence imposed on his conviction of transporting an illegal alien.  He claims that (1) the district court plainly erred in imposing a five-year term of supervised release, as such term exceeds the statutory maximum, (2) the district court plainly erred in imposing any term of supervised release because he is a deportable alien, and (3) the imposition of consecutive sentences of imprisonment was procedurally and substantively unreasonable.  The Government concedes that the district court's imposition of a five-year term of supervised release was erroneous. However, the Government contends that Castro-Delgado's remaining claims are barred by the appeal waiver provision of the plea agreement.  As discussed below, we dismiss the appeal in part, vacate the sentence in part, and remand for resentencing.

A defendant may waive his appellate rights pursuant to a valid plea agreement if the waiver is knowing and voluntary. *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999).  If the waiver is knowing and voluntary, we review whether the terms of the waiver apply to the circumstances at hand. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  The waiver is enforceable to the extent that the Government seeks to invoke it. *United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).  We review the validity of an appeal waiver de novo.  *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

After reviewing the record, we are satisfied that Castro-Delgado's appeal waiver was knowing and voluntary; he was aware that he had a right to appeal and that he was waiving that right subject to the terms of the appeal waiver provision. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005);

No. 15-50181

FED. R. CRIM. P. 11(b)(1)(N).  Castro-Delgado's broad waiver of the right to appeal his sentence bars his challenge to the imposition of a term of supervised release, as well as his challenge to the imposition of consecutive sentences of imprisonment.  *See Bond*, 414 F.3d at 544.  Accordingly, Castro-Delgado's appeal is DISMISSED as to these claims.  *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).

The government has not, however, chosen to enforce the appellate waiver on the claim that the form of supervised release exceeds the statutory maximum, and it is questionable the waiver could preclude review of this issue. *See United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).  We will correct an overlong term of supervised release on plain error review.  *United States v. Cooper*, 274 F.3d 230, 244 (5th Cir. 2001).  Here, the statute of conviction, 8 U.S.C. § 1324(a)(1)(A)(ii), carries a maximum sentence of 10 years of imprisonment.  *See* § 1324(a)(1)(B)(i).  It is therefore a Class C felony.  *See* 18 U.S.C. § 3559(a)(3).  For a Class C felony, a term of supervised release of not more than three years is permitted.  *See* 18 U.S.C. § 3583(b)(2).  Thus, as the Government concedes, the five-year term of supervised release imposed by the district court exceeds the statutory maximum, and it should be corrected despite Castro-Delgado's failure to raise the issue in the district court.  *See Cooper*, 274 F.3d at 244.  Accordingly, we vacate the sentence in part and remand for resentencing.

APPEAL DISMISSED IN PART; SENTENCE VACATED IN PART; REMANDED.