# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2022

Lyle W. Cayce
Clerk

No. 21-10509

Unaited States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Deunte Caldwell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19–CV–2879

Before Richman, *Chief Judge*, and Costa and Ho, *Circuit Judges*.
Per Curiam:

Joshua Deunte Caldwell and his co-conspirators executed an armed robbery of over $500,000 in jewelry from a store in Dallas. Caldwell pleaded guilty to conspiracy to interfere with commerce by robbery under 18 U.S.C. § 1951(a) and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c). His conspiracy charge served as the predicate "crime of violence" for the firearm conviction under the residual clause of § 924(c). Under the terms of his plea agreement, Caldwell waived the right to challenge his conviction and sentence, either on direct review or collateral attack.

No. 21-10509

The district court sentenced Caldwell to consecutive prison terms for the two offenses. Caldwell did not appeal.

Several years later, the Supreme Court struck down the residual clause of § 924(c) as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019). Relying on *Davis*, Caldwell brought this collateral attack on his firearm conviction under 28 U.S.C. § 2255. He argued that, notwithstanding his plea waiver, his § 924(c) conviction must be set aside because it was predicated on the residual clause held unconstitutional in *Davis*.[1]

Caldwell does not dispute that he waived the right to bring a collateral challenge as part of his plea agreement. Yet the district court nevertheless granted relief, theorizing that his plea waiver did not bar a collateral attack predicated on a subsequent change in law.

As five Supreme Court justices recently reaffirmed, however, plea waivers such as the one entered here "preclude[] any argument based on the new caselaw." *Grzegorczyk v. United States*, _ U.S. _, _ (2022) (Kavanaugh, J., respecting the denial of certiorari). *See also Grzegorczyk v. United States*, 997 F.3d 743 (7th Cir. 2021), *cert. denied*, _ U.S. _, _ (2022).

So Caldwell's plea waiver bars this collateral attack under § 2255. Accordingly, we reverse.

---

[1] Caldwell's co-defendants were convicted under § 924(c) based on an underlying crime of violence that remains valid even after *Davis*—namely, robbery under § 1951(a), as opposed to merely a conspiracy to commit robbery. The government notes that Caldwell admitted to facts in his plea agreement that would have supported that same robbery predicate being charged in his case as well.