# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-40237
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Derrick Kristian Garrett,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CR-115-13

————————————————————————

Before Southwick, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Derrick Kristian Garrett pleaded guilty, pursuant to a written plea agreement, to carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), in exchange for a 60-month sentence and the dismissal of other charges. As part of his plea, he waived the right to appeal or collaterally challenge his conviction or sentence except

—————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to appeal the district court's failure to impose the agreed-upon sentence or to raise claims of ineffective assistance of counsel. He was sentenced to 60 months of imprisonment, followed by a five-year term of supervised release.

For the first time on appeal, Garrett argues that his Section 924(c) conviction for carrying a firearm during and in relation to a drug-trafficking crime violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Government moves for summary dismissal, asserting Garrett's constitutional challenge to the statute of conviction is barred by the plain terms of his valid and enforceable waiver-of-appeal. It alternatively requests an extension of time to file an appellate brief. Garrett has not responded to the motion.

We review "de novo whether an appeal waiver bars an appeal." *United States v. Madrid*, 978 F.3d 201, 204 (5th Cir. 2020). To do so, "we conduct a two-step inquiry," first examining "whether the waiver was knowing and voluntary," and then considering "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019).

Although Garrett notes his appellate waiver, he makes no argument challenging its validity or applicability. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Any such argument would be unavailing as the record confirms that he knowingly and voluntarily waived his right to appeal and that the appeal waiver is valid and enforceable. *See Kelly*, 915 F.3d at 348. The record further confirms that the Government fulfilled its promises under the plea agreement.

Garrett's claim challenging the constitutionality of Section 924(c) is an appeal of his conviction which does not fall within any exception to the valid appeal waiver. We have held in numerous cases that a valid waiver bars

direct appeals and collateral challenges of constitutional claims. *See, e.g.*, *United States v. Caldwell*, 38 F.4th 1161, 1161–62 (5th Cir. 2022); *United States v. Barnes*, 953 F.3d 383, 388 (5th Cir. 2020); *United States v. Burns*, 433 F.3d 442, 450–51 (5th Cir. 2005); *United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011).

Because the Government seeks the enforcement of the valid appeal waiver, and because the issue raised by Garrett does not fall within an exception to the waiver, dismissal of the appeal is appropriate as a means of enforcing the Government's contractual rights under the plea agreement. *See Kelly*, 915 F.3d at 352. Accordingly, the Government's motion to dismiss is GRANTED, and the appeal is DISMISSED. The Government's alternative motion for an extension of time to file an appellate brief is DENIED.