# United States Court of Appeals for the Fifth Circuit

No. 21-10117

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cedric Ray Jones,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-584

Before Dennis, Richman, and Ho, *Circuit Judges*.

Priscilla Richman, *Circuit Judge*:

Cedric Ray Jones pleaded guilty to, among other charges, conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951(a) and using and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c). The conspiracy charge served as the predicate "crime of violence" for the firearm conviction under the residual clause of § 924(c). Pursuant to his plea agreement, Jones waived his rights to challenge his convictions and sentences on direct appeal or through collateral attack. Several years later, in *United*

No. 21-10117

*States v. Davis*,[1] the Supreme Court struck down the residual clause of § 924(c) as unconstitutionally vague. Jones sought vacatur of his § 924(c) conviction under 28 U.S.C. § 2255, the federal habeas statute, but the district court determined that this collateral attack was barred by Jones's appeal waiver. Because the waiver is enforceable and no exception to it applies, we affirm the decision of the district court. In doing so, we are aligned with the Second,[2] Sixth,[3] Seventh,[4] Ninth,[5] and Eleventh[6] Circuits.

## I

Jones and his codefendants robbed pawn shops and auto-parts stores in the Dallas, Texas area. Jones brought handguns and semiautomatic rifles to these robberies. Jones was charged with one count of conspiracy to interfere with commerce by robbery under 18 U.S.C. § 1951(a) (Count 1); one count of using and brandishing a firearm during that conspiracy under 18 U.S.C. § 924(c) (Count 2); three counts of interference with commerce by robbery under 18 U.S.C. § 1951(a) and 18 U.S.C. § 2 (Counts 3, 5, and 7); and three counts of using and brandishing a firearm during those robberies under 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Counts 4, 6, and 8).

Jones pleaded guilty to Counts 1, 2, 3, 5, 7, and 8. The other firearms charges relating to the robbery counts were dropped. As part of his plea agreement, he agreed to the following provision:

---

[1] 588 U.S. 445, 470 (2019).

[2] *Cook v. United States*, 84 F.4th 118, 120 (2d Cir. 2023).

[3] *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022).

[4] *Oliver v. United States*, 951 F.3d 841, 843-45 (7th Cir. 2020).

[5] *United States v. Goodall*, 21 F.4th 555, 558 (9th Cir. 2021).

[6] *King v. United States*, 41 F.4th 1363, 1370 (11th Cir. 2022).

11. **Waiver of right to appeal or otherwise challenge sentence**: Jones waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Jones, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

After entering his plea but before sentencing, Jones moved to dismiss the firearm counts, arguing that the residual clause of § 924(c) was unconstitutionally vague under *Johnson v. United States*[7] and that, without the residual clause, Hobbs Act robbery could not satisfy the crime-of-violence requirement under § 924(c). The district court denied the motion.

At the sentencing hearing, the district court reminded Jones that "[he] ha[s] a right to appeal this sentence within the areas that [he] reserved in [his] plea agreement." Jones was sentenced to concurrent 189-month sentences on each of Counts 1, 3, 5, and 7; a consecutive 84-month sentence on Count 2; and a consecutive 300-month sentence on Count 8. The total aggregate sentence is 573 months. Jones appealed, and this court granted appellate counsel's motion to withdraw and dismissed the appeal as presenting no nonfrivolous issues.[8]

Jones then brought a pro se § 2255 motion raising claims of ineffective assistance of counsel. In his pleadings, Jones argued that the appeal waiver should not apply because the exceptions for (1) a direct appeal of a sentence

---

[7] 576 U.S. 591 (2015).

[8] *United States v. Jones*, 695 F. App'x 813, 814 (5th Cir. 2017) (per curiam).

exceeding the statutory maximum and (2) an arithmetic error at sentencing should apply. He sought dismissal of the § 924(c) conviction on Count 2 because "[c]onspiracy to [c]ommit Hobbs Act Robbery is not a crime of violence under the element[s] clause" of the statute. He also filed a motion to grant relief raising the same argument as to his § 924(c) conviction on Count 2. The magistrate judge construed Jones's motion to grant relief as a motion to amend his § 2255 motion to add a claim for vacatur of the § 924(c) conviction on Count 2.

While that motion was pending, the Supreme Court granted certiorari in *Davis*, and the district court stayed the proceedings in Jones's case. Following the Court's decision, Jones moved to lift the stay and requested that the district court vacate his conviction on Count 2. The Government maintained that the collateral-review waiver in Jones's plea agreement barred his challenge to the conviction. Jones reiterated that he had raised the § 924(c) claim in conjunction with his ineffective-assistance-of-counsel claim. He also argued that denying relief would be a "manifest injustice."

The magistrate judge recommended that the court deny Jones's § 2255 motion. As to the *Davis* challenge to Count 2, the magistrate judge concluded that the claim was barred by the collateral-review waiver, which she determined Jones entered knowingly and voluntarily. Nonetheless, the magistrate judge recommended that a certificate of appealability be granted "on the following issues: (1) whether the collateral-review waiver in his plea agreement bars his *Davis* claim; and (2) whether the collateral-review waiver is unenforceable under the miscarriage of justice exception." The district court conducted an "independent review of the pleadings, files and records in this case, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge." It accepted the magistrate judge's recommendation, denied relief, and granted the certificate of appealability. Jones is represented by counsel in this appeal.

No. 21-10117

## II

Jones raises three arguments as to why the appeal-waiver provision in his plea agreement should not apply to his claims for relief based on *Davis*. First, he argues that the language of the appeal-waiver provision was too broad to encompass the fundamental right not to be invalidly convicted. Second, using contract interpretation principles, he argues that another provision of the plea agreement proves that neither party intended to waive the right at issue. Third, he argues that his waiver was unknowing because the right did not exist when he entered the plea agreement. These arguments are unavailing given our circuit's controlling caselaw.

### A

Jones argues that the language of his appeal waiver is "too general to include the right not to be convicted for conduct that did not violate a criminal statute." To support this contention, Jones argues that three cases from this circuit "together establish the rule that the relinquishment of a weighty right—namely freedom from conviction unless the conduct is validly criminalized and the punishment falls within the bounds of the law—demands more than general waiver language."[9] In Jones's view, he could only waive "the right not to be convicted for conduct that is not validly criminalized" by agreeing to an appeal waiver with "more precise, definitive" language.

The Government responds that Jones's *Davis* claim falls squarely within the scope of his appeal waiver, broad language notwithstanding. In particular, the Government disagrees with Jones's interpretation of our

---

[9] *See United States v. Leal*, 933 F.3d 426 (5th Cir. 2019); *United States v. Hollins*, 97 F. App'x 477 (5th Cir. 2004) (per curiam); *United States v White*, 258 F.3d 374 (5th Cir. 2001).

cases, contending that the dispositive factor in each case was either that the sentence "exceeded the statutory maximum at the time [it was] imposed" or the "conviction [was] premised on an indictment that failed to state an offense at the time it was initiated." According to the Government, the specificity or generality of the language of the appeal-waiver provisions in the plea agreements did not alone determine whether waiver applied to the circumstances at issue.

While the cases Jones cites in favor of his interpretation did involve sweeping, boilerplate appeal-waiver provisions, that aspect was not by itself dispositive.[10] When faced with broad appeal-waiver provisions, we have consistently held that the waivers are enforceable, even when that meant waiving "the right to challenge both illegal and unconstitutional sentences."[11] Furthermore, in a case involving an identical appeal-waiver provision, we held that the waiver barred the defendant's *Davis* claim.[12] Just as the appeal waiver applied there, the appeal waiver in Jones's plea agreement applies here.[13]

## B

Next, Jones employs contract principles to argue that the parties did not intend for the appeal waiver to include his *Davis* claim.[14] He suggests that another provision of his plea agreement, when read together with the

---

[10] *See Leal*, 933 F.3d at 428, 430-31; *Hollins*, 97 F. App'x at 479; *White*, 358 F.3d at 380.

[11] *United States v. Barnes*, 953 F.3d 383, 385, 389 (5th Cir. 2020); *see also id.* at 389 n.11 (collecting cases).

[12] *See United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022) (per curiam).

[13] *See id.* at 1162.

[14] *See* 11 Williston on Contracts § 30.2 (4th ed. 2020).

No. 21-10117

appeal-waiver provision, indicates that "neither party intended the plea agreement to bar challenges to illegal sentences." That provision states that "Jones fully understands that the actual sentences imposed (so long as they are within the statutory maximum) are solely in the discretion of the Court."

In support of this argument, Jones cites *United States v. Leal*.[15] In *Leal*, the "plea agreement stated that any sentence imposed would be 'solely in the discretion of the Court,' '*so long as it is within the statutory maximum*.'"[16] We said in *Leal*: "That qualification reflects 'that both parties to the plea agreement[] contemplated that all promises made were legal, and that the non-contracting "party" who implements the agreement (the district judge) will act legally in executing the agreement.'"[17] The *Leal* decision involved a direct appeal of the amount of restitution ordered during sentencing in a child pornography case, and Leal contended that the district court violated then-existing law, which required that losses must be proximately caused by the defendant.[18] Our court reasoned, "But a district court imposes a sentence expressly foreclosed by statute when it orders restitution under § 2259 for losses not proximately caused by the defendant."[19] Our reasoning and holding was limited to a district court's application of sentencing law as it existed or was then-interpreted. We decline to extend *Leal* to circumstances like those in the present case.

---

[15] 933 F.3d 426 (5th Cir. 2019).

[16] *Id.* at 431.

[17] *Id.* (quoting *United States v. Ready*, 82 F.3d 551, 559 (2d Cir. 1996), *superseded by Rule*, FED. R. CRIM. P. 11(b)(1)(N), *as recognized in United States v. Cook*, 722 F.3d 477 (2d Cir. 2013)).

[18] *Id.* at 428-29.

[19] *Id.* at 431.

No. 21-10117

Jones's waiver included an exception for *direct appeals* of sentences exceeding the statutory maximum. The separate provision Jones references reiterates this—the imposed sentence must fall within the statutory maximum. However, we agree with the Sixth Circuit that "[t]he only fair reading of a 'statutory maximum' carve-out that comes with a collateral-attack waiver is that it applies only to sentences that exceed the statutory maximum at the time of the sentence."[20] That court reasoned, and we agree, that "[t]reating 'statutory maximum' language in a plea agreement accompanied by a collateral-attack waiver as referring only to the law at the time of sentencing gives independent meaning to all of this language."[21]

## C

Last, Jones argues that he did not knowingly and intelligently waive the right announced in *Davis* because it did not exist at the time of the plea agreement, rendering the collateral-review waiver unenforceable here. We recently rejected this argument under similar circumstances. In *United States v. Barnes*,[22] we explained that to make a knowing waiver a defendant "needn't have understood all the possible eventualities that could, in the

---

[20] *Portis v. United States*, 33 F.4th 331, 337 (6th Cir. 2022) ("Else, it would cover all manner of later developments—later cases construing the relevant statutes, later constitutional rulings, even later decisions by Congress to lower the statutory maximum. That would give the collateral-attack waiver little, if any, work to do. Plea agreements are contracts, *see United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991), and where possible we should construe each provision to have independent meaning and force, *see Kovach v. Zurich Am. Ins. Co.*, 587 F.3d 323, 336 (6th Cir. 2009); Restatement (Second) of Contracts § 203(a) (1981).").

[21] *Id.*

[22] 953 F.3d 383 (5th Cir. 2020).

future, have allowed him to challenge his conviction or sentence. His waiver only needed to be 'knowing,' not 'all-knowing.'"[23]

When Jones "waived his right to post-conviction review, . . . 'he assumed the risk that he would be denied the benefit of future legal developments.'"[24] Jones attempts to distinguish *Barnes* as applying only in the context of sentencing enhancements that do not result in a sentence exceeding the statutory maximum. The Government contends that *Barnes* "*did* involve a sentence that exceeded the statutory maximum, because absent the . . . enhancement, the statutory maximum sentence would have been" lower than the imposed sentence. Even if Jones's distinction between *Barnes* and his case were correct, that does not bear on whether the waiver itself was knowing and voluntary. *Barnes* forecloses Jones's argument.

*Barnes* also forecloses Jones's argument that two other cases decided by this court, *Smith v. Blackburn*[25] and *United States v. Wright*,[26] establish that

---

[23] *Id.* at 388.

[24] *See id.* (quoting *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017)); *see also Cook v. United States*, 84 F.4th 118, 124 (2d Cir. 2023) ("'[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.' This principle follows from the fact that plea agreements, like all contracts, allocate risk between the parties—and we are not free to disturb the bargain the parties strike." (citation omitted) (quoting *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005))); *id.* at 125 ("Petitioners counter that they have a 'due process right not to be convicted of a non-existent offense.' But the question is not whether Petitioners have a right not to be convicted of a non-existent offense. It is whether Petitioners have a right to bring a collateral attack when, in exchange for valid consideration, they executed binding plea agreements admitting their criminal conduct and waiving their ability to challenge the resulting convictions. And on that score, our precedent is clear that 'ignorance of future rights is unavoidable and not a basis for avoiding a plea agreement.'" (citation omitted) (quoting *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam))).

[25] 632 F.2d 1194 (5th Cir. Unit A 1980) (per curiam).

[26] 681 F. App'x 418 (5th Cir. 2017) (per curiam).

No. 21-10117

Jones could not waive a not-yet-existent right. *Barnes* explained that *Smith* was "inapposite" as to appeal-waiver issues because there was "no indication that the defendant in *Smith* agreed to an appellate or collateral-review waiver."[27] *Barnes* also explained that *Wright* conflicted[28] with an earlier precedential opinion, which held that "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a *Booker*[29] . . . issue (whether or not that issue would have substantive merit), merely because the waiver was made before *Booker*."[30] Under the rule of orderliness, the earlier decision controls.[31]

Likewise, *United States v. Caldwell*[32] forecloses Jones's argument because the argument hinges on "new caselaw," and, in the *Davis* context, a waiver precludes "any argument based on . . . new caselaw."[33] Jones knowingly and intelligently waived his right to collateral review, regardless of later legal developments.

---

[27] *Barnes*, 953 F.3d at 387.

[28] *Id.* at 387-88.

[29] *United States v. Booker*, 543 U.S. 220 (2005).

[30] *United States v. Burns*, 433 F.3d 442, 450-51 (5th Cir. 2005).

[31] *See Barnes*, 953 F.3d at 387-88 ("[Appellant] is correct that *Wright* held that '[w]here, as here, a right is established by precedent that does not exist at the time of purported waiver, a party cannot intentionally relinquish that right because it is unknown at that time.' But *Wright*, which is unpublished, didn't cite or even consider the published opinion in [] *Burns*. And to the extent the decisions conflict, [] *Burns* controls under our rule of orderliness." (citation omitted)).

[32] 38 F.4th 1161 (5th Cir. 2022) (per curiam).

[33] *See id.* at 1162 (quoting *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (KAVANAUGH, J., respecting the denial of certiorari)).

No. 21-10117

## III

Having concluded that the waiver applies to the circumstances at hand, we next address whether any exception bars its enforcement. The "general rule" is that knowing and voluntary collateral-review waivers are enforceable.[34] We have recognized only two exceptions: "first, ineffective assistance of counsel, and second, a sentence exceeding the statutory maximum."[35]

Jones argues that the waiver is unenforceable for two reasons. First, he avers that this circuit has recognized an exception to appeal waivers when the district court lacked the authority to impose punishment. Second, he contends that our recognized exception for a sentence exceeding the statutory maximum applies here. We address these arguments in turn.

## A

Jones argues that our precedents, taken together, establish a general rule that "an appeal waiver does not bar a defendant's challenge to a punishment that a court lacked the authority to impose in the first place." In making this argument, Jones discusses cases from this circuit which seem to support his more broadly framed exception.[36] At the same time, other cases

---

[34] *Barnes*, 953 F.3d at 388-89.

[35] *Id.* at 389 (citation omitted).

[36] *See United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001) (holding, without deciding whether a plea agreement can ever "accomplish an intelligent waiver of the right not to be prosecuted (and imprisoned) for conduct that does not violate the law," that the "language of [the] conditional plea agreement . . . is insufficient to" do so); *United States v. Spruill*, 292 F.3d 207, 215 (5th Cir. 2002); *United States v. Baymon*, 312 F.3d 725, 727-28 (5th Cir. 2002).

No. 21-10117

from this court are explicit that a defendant can waive the right "to challenge an illegal or unconstitutional sentence."[37]

In explaining the exception as it applies in our circuit, we have phrased it narrowly as applying to sentences that exceed the statutory maximum.[38] Put differently, the statutory-maximum exception applies to a particular kind of illegal sentence, not necessarily all illegal sentences. The exception is not as inclusive as Jones suggests.

Similarly, Jones also asserts a general principle that a defendant must have the ability to challenge a punishment the law cannot impose. He relies on Supreme Court cases in which, according to him, the Court relied on this principle in permitting challenges to a court's power to convict or sentence a defendant.[39] The Government responds that these Supreme Court cases are distinguishable. All of them "involved whether a guilty plea, not a bargained-

---

[37] *See Barnes*, 953 F.3d at 388-89 ("Barnes . . . avers that his sentence was imposed unlawfully because . . . it violated the Constitution. Unfortunately for Barnes, however, that doesn't get him out from under the collateral-review waiver to which he agreed. As the *Timothy Burns* panel recognized, defendants can waive the right to challenge both illegal and unconstitutional sentences."); *United States v. Keele*, 755 F.3d 752, 757 (5th Cir. 2014) ("Here, because the appeal waiver in [defendant's] signed, written plea agreement waived his right to appeal his sentence with only three specific exceptions, none of which apply here, we conclude that his Eighth Amendment claims are also waived." (footnote omitted)); *United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011) (holding that an appeal waiver barred a challenge to a conviction on Fifth Amendment grounds); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("After waiving her right to appeal, the district court could err in its application of the Sentencing Guidelines or otherwise impose an illegal sentence. Indeed, the defendant may find herself serving unnecessary jail time. Yet, the defendant, who has waived her right to appeal, cannot appeal these errors.").

[38] *See United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019) ("[W]e find that [the defendant's] statutory maximum challenge is not barred by his waiver of appeal."); *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (per curiam) ("[A] § 2255 waiver does not preclude review of a sentence that exceeds the statutory maximum.").

[39] *See Class v. United States*, 583 U.S. 174, 181-82 (2018); *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (per curiam); *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974).

12

for appellate or collateral-review waiver, barred consideration of an unconstitutional or illegal conviction or sentence." The issue here is not whether there was an implicit waiver of a broadly construed constitutional right but rather whether the explicit waiver of the statutory right to bring a direct appeal or collateral attack may be enforced.

We decline to recognize, based on our caselaw or that of the Supreme Court, a broad exception to appeal waivers for all illegal convictions or sentences, and we decline to construe our existing statutory-maximum exception as encompassing all illegal convictions or sentences. To reiterate, our circuit has recognized only two exceptions: "first, ineffective assistance of counsel, and second, a sentence exceeding the statutory maximum."[40]

## B

Jones argues that his collateral-review waiver should not be enforced because the statutory-maximum exception applies.[41] He argues that "the maximum term of years the court could impose based on the invalid residual clause of Section 924(c) is zero." Jones's sentence exceeds zero, and so, he contends, it exceeds the statutory maximum. The Government responds that cases involving the statutory-maximum exception "looked to whether the sentence was within the statutory maximum at the time it was initially imposed." According to the Government, it follows that, because Jones's sentence was within the maximum when it was imposed, the exception does not apply.

Our decision in *United States v. Caldwell* forecloses application of the statutory-maximum exception here. *Caldwell* involved nearly identical facts.

---

[40] *See Barnes*, 953 F.3d at 388-89 (citation omitted) (first citing *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); and then citing *Leal*, 933 F.3d at 431).

[41] *See United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021); *Leal*, 933 F.3d at 431.

There, the defendant "pleaded guilty to conspiracy to interfere with commerce by robbery under 18 U.S.C. § 1951(a) and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)."[42] The conspiracy charge was the predicate crime of violence for the firearm charge.[43] Caldwell waived his right to challenge the conviction and sentence.[44] Following *Davis*, Caldwell collaterally attacked his conviction.[45] We held that the appeal-waiver provision in his plea agreement barred the challenge: "As five Supreme Court justices recently reaffirmed, . . . plea waivers such as the one entered here 'preclude[] any argument based on the new caselaw.'"[46] Ultimately, Jones's argument is based on new caselaw—the statutory maximum disappeared due to *Davis*—and so the waiver precludes it.

Furthermore, in declining to apply the statutory-maximum exception here, we are in accord with three other circuits that have addressed this issue.[47] In the context of *Davis* claims, those circuits declined to apply their statutory-maximum exceptions to the defendants' appeal waivers.[48]

---

[42] *United States v. Caldwell*, 38 F.4th 1161, 1161 (5th Cir. 2022) (per curiam).

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.* at 1162 (second alteration in original) (first quoting *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (Kavanaugh, J., respecting the denial of certiorari); and then citing *Grzegorczyk v. United States*, 997 F.3d 743 (7th Cir. 2021)).

[47] *See King v. United States*, 41 F.4th 1363, 1369 (11th Cir. 2022); *Portis v. United States*, 33 F.4th 331, 336-37 (6th Cir. 2022); *see also United States v. Goodall*, 21 F.4th 555, 563-65 (9th Cir. 2021) (declining to apply the Ninth Circuit's "illegal sentence" exception).

[48] *See King*, 41 F.4th at 1369 (defining statutory maximum as "the meaning understood by both parties when the appeal waiver was signed: the statutory maximum in effect at that time" and "not the maximum punishment permitted by a line of decisions

No. 21-10117

## IV

Last, Jones argues that we should recognize and apply a miscarriage-of-justice exception to the collateral-review waiver. "[W]e have declined explicitly either to adopt or to reject" such an exception.[49] In avoiding recognizing the exception, we have noted that its proponents may waive the argument by failing to "(1) explain the proper scope of that exception, (2) cite any cases purporting to do so, or (3) detail how and why it should apply to [their] case."[50]

Jones does more than "briefly allud[e]" to the exception.[51] First, as to the proper scope of the exception, Jones argues that while we "need not define every contour" of it, we should recognize that "appeal waivers cannot bar defendants' challenges to illegal sentences or convictions." While this is an attempt to explain the exception's scope, it would leave us with a capacious carveout. If the alleged illegality of sentences and convictions became the limiting principle, then appeal and collateral-review waivers would serve little to no purpose.

Second, Jones cites a litany of other circuits that do apply the miscarriage-of-justice exception.[52] In particular, Jones cites an unpublished

---

that was evolving at the time" (quotation omitted)); *Portis*, 33 F.4th at 336-37; *Goodall*, 21 F.4th at 563-65 (distinguishing between an illegal conviction and illegal sentence, and declining to apply its exception for illegal sentences to a *Davis* claim because the challenge was to an illegal conviction).

[49] *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020).

[50] *Id.*

[51] *See id.*

[52] *See United States v. Adams*, 814 F.3d 178, 182-83 (4th Cir. 2016); *United States v. Guillen*, 561 F.3d 527, 531 (D.C. Cir. 2009); *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc) (per curiam); *United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir.

case out of the Fourth Circuit in which the court applied its miscarriage-of-justice exception to the defendant's appeal waiver when the defendant raised a *Davis* claim.[53]  However, Jones does not acknowledge the case going the other way.  In *Oliver v. United States*,[54] the Seventh Circuit declined to apply its miscarriage-of-justice exception to a case in which *Davis* invalidated the defendants' § 924(c) convictions.[55]  The Seventh Circuit enforced the collateral-review waivers because "[i]t is not a miscarriage of justice to refuse to put [the defendants] in a better position than they would have been in if all relevant actors had foreseen *Davis*."[56]  Rather, the "only arguable 'wrongdoing' here was failing to anticipate changes in the Supreme Court's jurisprudence."[57]

Third, Jones claims that it would be a miscarriage of justice to leave his conviction in place and keep him imprisoned for conduct "the law does not make criminal."[58]  Despite Jones's urging, the circumstances here do not appear to work a miscarriage of justice.  As counsel acknowledged during oral

---

2003) (en banc); *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001); *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001).

[53] *See United States v. Sweeney*, 833 F. App'x 395, 396 (4th Cir. 2021) (per curiam).

[54] 951 F.3d 841 (7th Cir. 2020).

[55] *Id.* at 847; *see also Portis v. United States*, 33 F.4th 331, 339 (6th Cir. 2022) ("Because the defendants offer no argument for such an exception, because our court has yet to recognize this exception, and because any such exception likely would not apply given the multitude of crimes for which the defendants were indicted, there is no basis for applying it here.").

[56] *Oliver*, 951 F.3d at 847.

[57] *Id.*

[58] *See Davis v. United States*, 417 U.S. 333, 346 (1974).

No. 21-10117

argument, we declined to recognize and apply a miscarriage-of-justice exception in *Caldwell*, which involved identical circumstances.[59]

Although Jones makes a credible argument for a miscarriage-of-justice exception, he does not provide a workable explanation for how to narrow its scope, nor does he show how the facts of his case warrant breaking new ground by announcing and applying the exception. We decline to recognize and apply a miscarriage-of-justice exception here.

*    *    *

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[59] *See United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022) (per curiam).

No. 21-10117

James L. Dennis, *Circuit Judge*, dissenting:

In 2015, Cedric Jones pleaded guilty to conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and using, carrying, and brandishing a firearm in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii). At the time of Jones's conviction, the phrase "crime of violence" was defined in § 924(c)(3)'s residual clause to include any felony "that by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The Government relied on Jones's conspiracy to commit Hobbs Act robbery as the predicate crime of violence for the purposes of § 924(c). The Supreme Court in *United States v. Davis* later held that Hobbs Act robbery could not qualify as a crime of violence under § 924(c)'s residual clause because that clause is unconstitutionally vague. 588 U.S. 445 (2019). Relevant to this appeal, Jones, relying on *Davis*, moved to vacate his § 924(c) conviction and sentence.

All agree that Jones is currently serving a sentence for a crime held to be unconstitutional under Supreme Court precedent. Yet the panel majority avoids that conclusion and seeks shelter behind a boilerplate collateral review waiver included in Jones's plea agreement. The majority views the waiver's general language as a waiver of Jones's right not to be convicted for conduct that is not a criminal offense. The majority is mistaken for at least one reason: our holding in *United States v. White*, 258 F.3d 374 (5th Cir. 2001), dictates that an indictment's failure to charge a valid predicate offense is a defect that cannot be waived by the general language of Jones's collateral review waiver.[1]

---

[1] While I conclude our holding in *United States v. White*, 258 F.3d 374 (5th Cir. 2001), plainly governs the disposition of Jones's appeal, I am not blind to the force of his alternative argument. He urges us to adopt, as most of our sister circuits have done, a

18

No. 21-10117

Because we are a court bound by precedent, I would abide by *White*. I respectfully dissent.

I

In 2014, Cedric Jones and his co-defendants were convicted of robbing pawn shops and auto-parts stores in and around Dallas, Texas. A grand jury charged Jones with one count of conspiracy to interfere with commerce by robbery under 18 U.S.C. § 1951(a) (Hobbs Act robbery) (Count 1); one count of using and brandishing a firearm during that conspiracy under § 924(c) (Count 2); three counts of interference with commerce by robbery under 18 U.S.C. § 1951(a) and 18 U.S.C. § (2) (Counts 3, 5, 7); and three counts of using and brandishing a firearm during those robberies under § 924(c) (Counts 4, 6, 8).

Jones pleaded guilty to Counts 1, 2, 3, 5, 7, and 8. His plea agreement included the following collateral review waiver that waived the right to appeal except in certain limited circumstances:

> **11. Waiver of right to appeal or otherwise challenge sentence**: Jones waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Jones, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum

---

miscarriage-of-justice exception to collateral-review waivers—an exception that would permit relief in cases where rigid adherence to a collateral review waiver would work an egregious wrong. *See, e.g.*, *United States v. Atherton*, 106 F.4th 888, 895–96 (9th Cir. 2024) (collecting cases). To be sure, the majority's holding does not foreclose such an argument from being raised in the future. But in pretermitting Jones's "credible argument for a miscarriage-of-justice exception" in this case, I believe the majority commits a regrettable error.

> punishment, or (ii) an arithmetic error at sentencing, (b) to
> challenge the voluntariness of his pleas of guilty or this waiver,
> and (c) to bring a claim of ineffective assistance of counsel.

The district court sentenced Jones to a concurrent 189-month sentence on each of Counts 1, 3, 5, and 7; a consecutive 84-month sentence on Count 2; and a consecutive 300-month sentence on Count 8—for a grand total of 573-months imprisonment. Jones directly appealed his sentence, which our court dismissed after granting an *Anders* motion. *See Anders v. California*, 386 U.S. 738 (1967).

Jones then brought a § 2255 motion arguing that his § 924(c) conviction in Count 2 should be vacated because his Hobbs Act robbery conviction on which Count 2 was predicated is not a crime of violence as defined in § 924(c) following our decision in *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *aff'd in part, vacated in part, remanded*, 588 U.S. 445 (2019). In the meantime, the Supreme Court granted certiorari and later affirmed our conclusion in *Davis* that Hobbs Act robbery could not qualify as a crime of violence under § 924(c)'s residual clause because that clause is unconstitutionally vague. *United States v. Davis*, 588 U.S. 445, 470 (2019). In light of the Supreme Court's holding, Jones reiterated his request that the district court vacate his conviction under Count 2 while the Government maintained the collateral review waiver in Jones's plea agreement barred the challenge to his conviction.

In a report and recommendation, a magistrate judge recommended that Jones's § 2255 motion be denied because his *Davis* claim was barred by his plea agreement's collateral review waiver. However, the magistrate judge recommended that a certificate of appealability be granted "on the following issues: (1) whether the collateral-review waiver in his plea agreement bars his *Davis* claim; and (2) whether the collateral-review waiver is unenforceable under the miscarriage of justice exception." The district court, after

conducting an "independent review" of the record and the magistrate judge's recommendation, accepted the magistrate judge's recommendation. Jones timely appealed.

## II

Contrary to the majority's view, I conclude that the language of Jones's collateral review waiver is too general to encompass his *Davis* claim, which our holding in *United States v. White*, 258 F.3d 374 (5th Cir. 2001), confirms. *White* involved the applicability of an appeal waiver by a defendant who pleaded guilty to possessing a firearm after having been previously convicted of a "misdemeanor crime of domestic violence." *Id.* at 376. Like Jones's waiver, the waiver in *White* broadly stated the "[d]efendant waives *any appeal*, including collateral appeal under 28 U.S.C. § 2255, of *any error* which may occur surrounding substance, procedure, or form of the conviction and sentencing in this case." *Id.* at 380 (emphasis added). On appeal, the defendant asserted that neither of the predicate offenses listed in his indictment were a misdemeanor crime of domestic violence, rendering his conviction invalid. *Id.* "Without deciding whether that character of defect is ever waivable in a civilized system of justice," we held the sweeping, general language of the defendant's waiver "fail[ed] to embrace" such a defect as "an indictment's failure to charge an offense," as would be the case if the predicate offense was not a misdemeanor crime of domestic violence. *Id.*; *see also United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019) (approving of *White*); *United States v. West*, 99 F.4th 775, 780 (5th Cir. 2024) (approving of *Leal*).

The same is true here. Like the defendant in *White*, Jones waived his right "to appeal from his convictions and sentences" including "in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." *Cf.* 258 F.3d at 380. Nevertheless, *Davis*, 588 U.S. at 470,

made it so that Count 2 of Jones's indictment did not charge a valid predicate offense, and we have held this rule is retroactive. *United States v. Reece*, 938 F.3d 630, 634–35 (5th Cir. 2019). The indictment's failure to charge an offense in Count 2, then, is a defect that cannot be waived by the generic language of Jones's collateral review waiver. *White*, 258 F.3d at 380; *United States v. Picazo-Lucas*, 821 F. App'x 335, 338 (5th Cir. 2020) (applying *White* and holding a plea agreement's broad appeal-waiver provision did not include a defendant's *Davis* claim).

The majority never grapples with the dispositive effect of *White*'s holding, but instead bucks our rule of orderliness[2] and credits two inapposite cases as compelling a contrary result. The majority first cites *United States v. Barnes* for the proposition that "broad appeal-waiver provisions" are enforceable "even when that meant waiving 'the right to challenge both illegal and unconstitutional sentences.'" *Ante*, at 6 (quoting 953 F.3d 383, 386 (5th Cir. 2020)). But the defendant in *Barnes* never argued that the language of his waiver was too broad or general to foreclose his appeal. *See* Brief of Appellant at 15, 23, *United States v. Barnes*, No. 18-60497 (5th Cir. 2020). Instead, the isolated excerpt relied on by the majority referenced the defendant's "theory that he can't waive his right to challenge an illegal or unconstitutional sentence . . . ." *Barnes*, 953 F.3d at 390. The *Barnes* panel, in turn, addressed the question left open by *White*: "whether that character of defect *is ever waivable* in a civilized system of justice[.]" 258 F.3d at 380 (emphasis added). *Barnes* concluded that "defendants *can waive* the right to

---

[2] *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision.").

challenge both illegal and unconstitutional sentences"[3] but says nothing to support that Jones *did waive* that right here vis-à-vis a general, boilerplate waiver; after all, it was not even an issue on appeal. 953 F.3d at 390 (emphasis added). As detailed above, *White* holds that he did not. 258 F.3d at 380.

The majority then makes a fleeting reference to *United States v. Caldwell* where a panel of our court enforced a collateral review waiver on a *Davis* claim, holding the at-issue "plea waiver[] . . . 'precludes any argument based on the new caselaw.'" 38 F.4th 1161, 1162 (5th Cir. 2022) (quoting *Grzegorczyk v. United States*, 142 S. Ct. 2580 (2022) (KAVANAUGH, J., statement respecting the denial of certiorari)). Like *Barnes*, however, the defendant in *Caldwell* did not argue that the language of his waiver was too broad or general to prohibit his appeal, nor did he "dispute that he waived the right to bring a collateral challenge as part of his plea agreement." *Id.* Even if *Caldwell* were analogous, it cannot be squared with our earlier holding in *White* and to the extent *Caldwell* purports to overrule *White*, the panel was powerless to do so under the rule of orderliness. *See Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). So too is this panel.

True, the relevant portion of *Caldwell*'s holding relied on a statement published by the Supreme Court accompanying denial of certiorari, which was joined by five justices. *Id.* But neither that statement nor the appellate decision below discussed the breadth of the waiver's language. *Grzegorczyk*, 142 S. Ct. at 2580; *see also Grzegorczyk v. United States*, 997 F.3d 743, 747 (7th Cir. 2021). The only holding by the Supreme Court in *Grzegorczyk* was "that

---

[3] In any event, it appears *Barnes* is an improper departure from precedent in this circuit because, as my distinguished colleague pointed out in his dissent, its holding conflicts with and ignores *Leal*, an earlier and therefore controlling precedent. *Barnes*, 953 F.3d at 390 (JOLLY, J., dissenting); *see also United States v. Walker*, 302 F.3d 322, 325 (5th Cir. 2002) (holding that under the rule of orderliness, "the earlier precedent controls").

fewer than four members of the Court thought [the petition for a writ of certiorari] should be granted" and the Supreme Court has "rigorously insisted that such a denial carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review." *See State of Md. v. Balt. Radio Show*, 338 U.S. 912, 919 (1950) (FRANKFURTER, J., statement respecting the denial of certiorari). "The Court has said this again and again; again and again the admonition has to be repeated." *Id.*; *see also Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 365 n.1 (1973); *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332, 1336 (5th Cir. 1981) ("[T]he denial of certiorari [is] without precedential effect[.]").

## III

The bottom-line is that *White* controls this case, and the panel majority's failure to follow circuit precedent is a violation of this court's well-respected rule of orderliness. I respectfully dissent.