# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2025

Lyle W. Cayce
Clerk

————————

No. 23-50619

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Edwin Ledell Smith,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CV-52

_____

Before Stewart, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

When a defendant waives his right to challenge a conviction, the law holds him to his word. Edwin Ledell Smith pleaded guilty to a federal crime, accepted a negotiated sentence, and in doing so, waived his right to seek postconviction relief. Nearly a decade later, he asks to reopen that judgment based on a change in law. But the waiver he signed was knowing, voluntary, and enforceable. And when the Constitution permits parties to bargain away

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

even fundamental rights, courts are not free to undo the deal because one side later regrets it.

For his part, Smith moved to vacate his conviction, arguing that *United States v. Taylor*, 596 U.S. 845 (2022), rendered his conviction unconstitutional. The district court denied relief on several independent grounds, including that Smith's waiver barred review, his motion was untimely, and his claim failed on the merits.

We AFFIRM its decision. Smith entered into a binding waiver, and that waiver forecloses the relief he seeks.

I

In December 2011, Edwin Ledell Smith and two accomplices forced their way into Torvorian Carter's apartment. The goal, Smith later admitted, was simple: to get marijuana and cash. As Carter left a bedroom, Smith shot him. Carter died. Smith fled.

We summarize the counts relevant to this appeal. A federal grand jury returned a second superseding indictment. Count One charged Smith with attempted Hobbs Act robbery under 18 U.S.C. § 1951 and aiding and abetting under 18 U.S.C. § 2. It alleged that Smith tried to take money and drugs from Carter "against his will by means of actual and threatened force, violence and fear of injury to his person." Count Two charged Smith with murder under 18 U.S.C. § 924(j), specifying that Smith used and carried a firearm "during and in relation to the crime of violence set forth in Count One," and that he "unlawfully killed . . . Carter through the use of a firearm during the attempt to perpetrate the robbery set forth in Count One." *See* § 924(j)(1); *United States v. Gonzales*, 841 F.3d 339, 354–56 (5th Cir. 2016). Count Five added a charge of conspiracy to possess with intent to distribute marijuana.

In November 2012, Smith took a deal. He agreed to plead guilty to Count Two, waived his rights to appellate and collateral review, and accepted a sentence of 420 months. In return, the government dropped the remaining charges. . He stipulated that he and the others went to Carter's apartment "to obtain marijuana and U.S. currency from [him]," and that he shot Carter when Carter emerged from the bedroom.

Under his Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Smith pleaded:

> I agree to plead guilty to Count Two of the above-captioned indictment, specifically that aided and abetted by Grant Wallace Fowler, Reginald Anders, and others known and unknown to the grand jury, and in relation to the crime of violence set forth in Count One of the indictment, I did knowingly use and carry a firearm, and in the course of such use commit murder as defined in Title 18, Section 1111 by unlawfully killing Torvorian Carter through the use of a firearm during the attempt to perpetrate the robbery in Count One of the indictment. In violation of Title 18 United States Code, Section 924(c) and 924(j), and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton Liability*). This offense occurred on or about December 23, 2011 in the Western District of Texas.

His plea agreement contained three waiver provisions:

> 4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal my sentence.

> 5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced. I further agree that, as a consequence of this plea agreement, I am not a "prevailing party" for the purpose of seeking attorneys' fees under Pub. L. No. 105-119, Section 617 ("the Hyde Amendment"), and I

waive any and all claims against the Government under this law.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered.

At his re-arraignment hearing, Smith confirmed that he understood the terms of the plea. He testified that Count Two charged him with using and carrying a firearm in connection with the offense described in Count One and murdering Carter "through the use of a firearm during the attempt to perpetrate the robbery that we talked about in Count One." The district court accepted the plea, and Smith formally entered a guilty plea to Count Two. .

The presentence investigation report and judgment described the offense as "Aiding and Abetting Use of a Firearm During the Commission of a Crime of Violence, Murder." The court imposed the agreed-upon sentence and dismissed the other charges. Smith did not appeal.

Almost a decade later, the legal landscape shifted. On June 21, 2022, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. *Taylor*, 596 U.S. at 851. Within a year, Smith filed a *pro se* motion under 28 U.S.C. § 2255. He claimed that his guilty plea was unknowing and involuntary considering *Taylor*, because he had been advised—by his lawyer, the prosecutor, and the court—that attempted Hobbs Act robbery was a crime of violence under § 924(c). He said he did not understand the nature of the charge because he did not understand that element. He also alleged ineffective assistance of counsel. And he maintained that his motion was timely because it was filed within a year of *Taylor*.

As for the waiver in his plea agreement, Smith argued it was unenforceable because his plea, he said, was unconstitutional under *Taylor*.

In the alternative, he contended that enforcing the waiver would work a "complete miscarriage of justice" because he had been sentenced for conduct no longer criminalized. *Davis v. United States*, 417 U.S. 333, 346–47 (1974).

The government, for its part, noted the waiver in its summary of the case but did not ask the court to enforce it. Instead, it argued that *Taylor* did not apply to Smith's case because the predicate offense was aiding and abetting Hobbs Act robbery—not attempted Hobbs Act robbery. It also said Smith's claims were procedurally defaulted.

Smith disagreed. He insisted that the predicate for his § 924(c) conviction was attempted Hobbs Act robbery. He argued that he was "serving a term of imprisonment for non-criminal conduct" and that denying relief would result in "a clear miscarriage of justice."

The district court denied relief. It first held that Smith had knowingly and voluntarily waived his right to collateral review—except possibly for a claim that his plea was involuntary due to ineffective assistance of counsel or that his sentence exceeded the statutory maximum under *Taylor*. But *Taylor*, the court said, did not make the plea involuntary. A "voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea resulted on a faulty premise."

On the merits, the district court concluded that *Taylor* did not apply because Smith's predicate offense was aiding and abetting Hobbs Act robbery, not an attempt. The court acknowledged that "if the predicate were attempted Hobbs Act robbery, "this would be an entirely different discussion, one premised on relief." The court also found the motion time-barred for the same reason: *Taylor* was beside the point. And Smith had not

shown factual innocence to overcome the bar—only legal error, which was insufficient. The court declined to reach the question of procedural default.

Smith appealed. We granted a certificate of appealability ("COA") on three issues: (1) whether the district court erred in rejecting Smith's *Taylor* claim on the merits; (2) whether the claim was time-barred; and (3) whether it was precluded by the waiver of collateral review in his plea agreement. We denied COAs for Smith's claim that his counsel was ineffective, as he did not make the requisite showing, and for his claim that his sentence violated the Eighth Amendment.

## II

This court reviews the district court's legal conclusions in denying a § 2255 motion *de novo*, while its factual findings are reviewed for clear error. *See United States v. Batamula*, 823 F.3d 237, 239–40 (5th Cir. 2016) (en banc). We may affirm the dismissal of a § 2255 motion "for any reason supported by the record, even if not relied on by the district court." *Id.* at 240 (internal quotations omitted).

## III

This appeal raises two issues: (A) Is Smith's § 2255 motion procedurally barred; and (B) is Smith entitled to relief from his 18 U.S.C. § 924(j) murder conviction? We address each issue in turn.

## A

We start with whether Smith's § 2255 motion is procedurally barred. The government says yes. It asserts that Smith waived his right to collaterally attack his conviction, and the waiver is valid. Smith, on the other hand, does not dispute that he signed the waiver or that it covers his claim. Instead, he suggests that the waiver should not apply because his conviction is

constitutionally invalid under *Taylor*. We agree with the government. The waiver is enforceable and forecloses relief.

As a threshold matter, we consider whether the government forfeited the argument that Smith's waiver bars his appeal. It is true that "[a] plea may waive a right, but a party's silence can waive the waiver." *United States v. Riojas*, 139 F.4th 465, 468 (5th Cir. 2025). The government was not exactly silent. While it did not affirmatively argue that Smith's waiver was enforceable, it noted the waiver in its summary of the case. And the district court squarely addressed the issue, holding that the waiver barred Smith's claims on collateral review.

On appeal, the government presses that same point. And this time it does so affirmatively. In this circuit, "although issues not raised before the district court are generally waived, an argument is not [forfeited] on appeal if the argument on the issue before the district court was sufficient to permit the district court to rule on it." *Arredondo v. Elwood Staffing Servs., Inc.*, 81 F.4th 419, 429 (5th Cir. 2023) (cleaned up). Here, the court had both the law and the facts to decide whether the waiver applied. It did so—and gave reasons enough for us to review its decision. The government therefore did not forfeit its waiver argument. The issue is properly before us.

With that question resolved, we turn to whether Smith's waiver forecloses his claims. It does. The rule here is straightforward. We enforce a collateral review waiver in a plea agreement if it was knowing and voluntary and the defendant's sentence does not exceed the statutory maximum. *See United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). We consider "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (quotation omitted). "A waiver is knowing and voluntary if the defendant

knows that he has the right to collateral review and that he is waiving it in the plea agreement." *Barnes*, 953 F.3d at 386 (internal quotations omitted). Though we construe waivers in plea agreements narrowly, *see United States v. Pleitez*, 876 F.3d 150, 156 (5th Cir. 2017), a valid waiver bars even constitutional claims, including ones based on subsequent changes in law, so long as they do not call into question the validity of the plea itself. *See Barnes*, 953 F.3d at 387; *United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022) (holding that plea waivers "preclude any argument based on. . . new caselaw" (cleaned up)). Such a waiver is permissible because the right to appeal is statutory, not constitutionally based. *See United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019).

Smith's claim falls squarely within the waiver that he signed, as this is a "collateral attack on [his] conviction . . . under []§ 2255." On that point, he challenges his conviction based on the Supreme Court's decision in *Taylor*. But that case does not alter the validity of Smith's waiver. We have repeatedly enforced appellate and collateral review waivers even where a subsequent Supreme Court decision—for example, *Taylor*—might have supported the defendant's claim. *See Barnes*, 953 F.3d at 386–88; *Caldwell*, 38 F.4th at 1162. The waiver bars relief even if *Taylor* would otherwise apply to his case. *See United States v. Burns*, 433 F.3d 442, 449–50 (5th Cir. 2005) (explaining that a subsequent Supreme Court decision does not destroy a collateral review waiver). If every subsequent legal decision potentially voided a waiver, waivers would be useless. In sum, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970); *see also Barnes*, 953 F.3d at 387 (quoting the same).

B

Assuming *arguendo* that his waiver did not apply, Smith's claim fails anyway. If his predicate offense were attempted Hobbs Act robbery, the conviction under § 924(j) would still stand. That is because Smith pleaded guilty to causing a death with a firearm "in the course of a violation" of § 924(c)—a statute that proscribes the use of a firearm in furtherance of a crime of violence or a drug-trafficking crime. Smith was charged with such a drug-trafficking crime: a marijuana conspiracy under 21 U.S.C. §§ 846 and 841 (Count 5). The charge was dropped as part of the plea agreement, but that does not matter. Section 924(c) requires proof of the predicate offense, not a separate conviction for it. *See United States v. Diaz-De Leon*, No. 21-40084, 2024 WL 2763809, at *2 (5th Cir. May 30, 2024) (per curiam) (relying on *United States v. Munoz-Fabela*, 896 F.2d 908, 910–11 (5th Cir. 1990)); *see also United States v. Carter*, 300 F.3d 415, 424–25 (4th Cir. 2002 (per curiam)(concluding that a predicate offense "is satisfied as long as a reasonable jury could have found the defendant guilty")). As several courts have recognized, "[w]hile proof of the underlying crime is necessary to convict under § 924(c), a defendant need not be convicted of the underlying crime." *United States v. Hill*, 971 F.2d 1461, 1464 (10th Cir. 1992); *see also United States v. Frye*, 402 F.3d 1123, 1127–28 (11th Cir. 2005) (approving of *Munoz-Fabela*). It is the "fact of the offense, and not a conviction, that is needed to establish the required predicate" under § 924(c). *United States v. Ramos-Rodriguez*, 136 F.3d 465, 467 (5th Cir. 1998) (cleaned up). Put differently, "an indictment charge dismissed as part of a plea can still serve a predicate offense under § 924(c)." *Diaz-De Leon*, 2024 WL 2763809, at *2.

The record confirms that Smith admitted to using and carrying a firearm in connection with a violent home invasion—one aimed at robbing Carter of marijuana and cash. He never disputed these facts. Indeed, in the district court, Smith admitted that he "did attempt to take and obtain United States Currency and Controlled Substances, from the person and in the

presence of Torvorian Carter against his will by means of actual and threatened force, violence and fear of injury to his person." That is more than enough. This is "legally sufficient proof" that Smith committed alternative predicate crimes that sustain his conviction. *United States v. Dussard*, 967 F.3d 149, 157 (2d Cir. 2020).

It goes without saying that murder is a crime of violence under § 924(c). *See In re Hall*, 979 F.3d 339, 345 (5th Cir. 2020) ("Any offense that incorporates the elements of 18 U.S.C. § 3591(a)(2) is a crime of violence."). And a conspiracy to distribute marijuana under §§ 846 and 841 is a drug-trafficking crime under that same provision. *See United States v. Chapman*, 851 F.3d 363, 370, 375 (5th Cir. 2017); *United States v. Santiago*, 96 F.4th 834, 841 n.1 (5th Cir. 2024); *United States v. Overton*, 822 F. App'x 288 (5th Cir. 2020) (per curiam). Smith's own admissions, corroborated by witness statements and the physical evidence recovered from Carter's apartment confirm the factual basis for either predicate. Given those alternative predicates and the governing precedent, the district court committed no legal or factual error in denying relief. *See, e.g.*, *United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023) ("But a defendant's § 924(c) convictions can still be sustained if the predicate offenses can be defined as a crime of violence under the elements clause contained in § 924(c)(3)(A)." (cleaned up)).

We thus see no basis to set aside Smith's waiver. But even if we did, *Taylor* would not entitle him to relief. For these reasons, we hold that the district court correctly enforced Smith's collateral review waiver.

IV

Given the foregoing reasons, we AFFIRM.